IN RE Gary Robert HICKS
and Rhonda Freeman
Hicks, Debtors.

**Martha Jeanette Walls, Plaintiff,**

v.

**Gary Robert Hicks, Defendant.**

Case No. 6:14–bk–07149–KSJ
Adversary No. 6:14–ap–00130–KSJ

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Signed May 22, 2015

Michael Faro, Faro & Crowder, PA, Melbourne, FL, for Plaintiff.

Shane M. Smith, Shane M. Smith, P.A., Melbourne, FL, Defendant.

## *FINAL JUDGMENT*

Karen S. Jennemann, Chief United States Bankruptcy Judge

This adversary proceeding came on for trial on April 2, 2015, on the Complaint filed by the Plaintiff, Martha Walls, seeking to determine dischargeability of certain debts of the Debtor/Defendant, Gary Robert Hicks, under 11 U.S.C. §§ 523(a)(5) and 523(a)(15). Consistent with the findings of fact and conclusions of law entered contemporaneously, it is

**ORDERED:**

1. Judgment is entered in favor of the Plaintiff, Martha Jeanette Walls, and against the Debtor/Defendant, Gary Robert Hicks.

2. The debt the Defendant owes to the Plaintiff for his failure to remit 10% of his military retirement pay to the Plaintiff between the entry of the Divorce Decree and his bankruptcy filing is not dischargeable pursuant to § 523(a)(15) of the Bankruptcy Code.

3. The appropriate state court is authorized to determine and issue judgment

for the exact amount of the nondischargeable debt due to the Plaintiff for the Defendant's failure to remit 10% of his military retirement pay to the Plaintiff between the entry of the Divorce Decree and his bankruptcy filing.

4. The alimony debt is nondischargeable under 11 U.S.C. § 523(a)(5).

5. The debt for attorney's fees, the marital residence debt, and "all remaining debt" in Paragraph 6(B) of the Divorce Decree is nondischargeable under 11 U.S.C. § 523(a)(15).

6. Plaintiffs award of 60% of the Defendant's military retirement pay is not dischargeable because it is not a debt owed to the Plaintiff, but rather is the Plaintiff's sole and separate property.

7. Defendant's direct liability to the third-party creditors relating to the marital residence debt and "all remaining debt" in Paragraph 6(B) of the Divorce Decree is discharged.

8. Defendant further has a continuing obligation to remit the Plaintiff's share of his military retirement pay to her as a constructive trustee.

ORDERED.